101 F.3d 714
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Randall F. PAGANA, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 96-3270.
 United States Court of Appeals, Federal Circuit.
 Nov. 12, 1996.
 
 Before MICHAEL, PLAGER and BRYSON, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Randall F. Pagana appeals from a decision of the Merit Systems Protection Board, Docket No. AT-0752-96-0020-I-1, upholding his removal by the Department of the Air Force. We affirm.
 
 BACKGROUND
 
 2
 Pagana was employed as a freight handler at the Cape Canaveral, Florida, Air Station. At some point in June 1995, Pagana's supervisor was notified that someone in his work unit may have stolen a drill press. The supervisor saw a drill press in Pagana's work area at that time. About a week later, Pagana moved a drill press to the air station loading dock, placed it on his truck, and drove off the air station premises. The police stopped Pagana outside the air station and determined from the serial number that the drill press was government property.
 
 
 3
 Pagana told the police that he owned the drill press. His supervisor reported, however, that Pagana asked him if he knew who had "turned him in" and said that he "wouldn't be in this mess" if he had removed the serial number from the drill press. Pagana's supervisor also reported the contents of a June 29, 1995, telephone conversation in which, according to the supervisor, Pagana used abusive language, refused his supervisor's direction to report to work, and made racial slurs.
 
 
 4
 The Air Force subsequently removed Pagana from his job. The agency based its decision on six charges: (1) unauthorized removal of government property; (2) attempted theft of government property; (3) unauthorized absence; (4) using abusive or offensive language; (5) insubordinate defiance of authority; and (6) making racial slurs.
 
 
 5
 A hearing on Pagana's removal was held before an MSPB administrative judge. The agency called as witnesses Pagana's supervisor and the Air Force criminal investigator who conducted the theft investigation. Pagana did not testify. The administrative judge found the government witnesses credible and upheld Pagana's removal. After the administrative judge's decision became final, Pagana appealed to this court.
 
 DISCUSSION
 
 6
 The charges against Pagana were amply supported by the evidence introduced at the MSPB hearing. Pagana stipulated to the charge of unauthorized absence; the theft-related charges were supported by uncontradicted eyewitness testimony; and the charges relating to Pagana's use of abusive language, insubordination, and racial slurs were supported by the detailed and uncontradicted testimony of Pagana's supervisor regarding the June 29, 1995, telephone conversation. Moreover, in light of the seriousness of the sustained charges, the administrative judge was justified in concluding that removal was a permissible penalty.
 
 
 7
 In his appeal to this court, Pagana raises three additional issues. First, he argues that the Air Force should have accepted his resignation rather than removing him. Nothing of record in this case, however, suggests that Pagana ever tendered his resignation to the Air Force. In fact, in his appeal to the MSPB he complained that his union representative did not "hand in [his] letter of resignation," which suggests that his resignation was never tendered to the agency.
 
 
 8
 Second, Pagana argues that his supervisor knew of the theft investigation but "said nothing" until Pagana removed the drill press from the air station. Pagana does not, however, point to any legal impropriety in the authorities' surveillance of his actions, and we find none.
 
 
 9
 Finally, Pagana argues that the Air Force treated a similarly situated coworker more leniently. The coworker, according to Pagana, repaired the drill press on government time and was demoted, but not removed. Even on the facts as Pagana recites them, however, there is no force to Pagana's claim of disparate treatment, because the coworker's offense was obviously less serious than the charges against Pagana. Pagana has therefore failed to show that his penalty is unlawful on the ground that it is unjustifiably harsher than the penalty imposed on another employee for similar conduct.